## Commonwealth v. Hoge

*Albert A. Sayers*, for Commonwealth.
*O. R. Hughes*, for defendant.

WAYCHOFF, P. J., October 21, 1940.—This matter comes before the court as follows:

On May 13, 1940, a motion was filed in this court by the Department of Justice of the Commonwealth of Pennsylvania, acting on behalf of the Department of Revenue of said Commonwealth, asking this court to make an order that William M. Hoge, defendant, pay the sums of money shown due the Commonwealth of Pennsylvania for the support and maintenance of his daughter, Thelma Dillinger, in the Dixmont Hospital, Dixmont, Pa.

It seems that Mrs. Dillinger was committed to the Dixmont Hospital, Dixmont, Pa., on August 10, 1938, and from that time to February 29, 1940, she was supported by the Commonwealth of Pennsylvania at an expense of $255.42, and thereafter it seems that Mrs. Dillinger remained an inmate and patient at the said hospital and

seemingly will continue there for an undetermined period in the future.

William M. Hoge filed an affidavit of defense in which he admitted generally the statements of fact alleged in said petition but denied that he was liable for the amount of money, because during all of the said period of time in which the said Thelma Dillinger was cared for by the Commonwealth she was the lawful wife of Donald Dillinger of Waynesburg, Pa., and alleged that the said Donald Dillinger was primarily liable for payment of the support of his wife, Thelma Dillinger. He further alleged that the said Donald Dillinger is almost continuously employed at a daily wage of $7 and is of sufficient ability to provide for the support and maintenance of his wife, the said Thelma Dillinger, and his two children.

The question for us now to determine is who is primarily liable for the maintenance of this woman in the public hospital. The Commonwealth of Pennsylvania, the plaintiff, seeks to recover from William M. Hoge, father of the said Thelma Dillinger. Defendant, without denying the secondary liability of the father, William H. Hoge, nevertheless takes the position on this motion that he is only secondarily liable. Insofar as the liability of either father or husband for the support of an insane married woman in a lunatic hospital is concerned, it has not been changed by the Act of June 1, 1915, P. L. 661, as amended by the Act of May 10, 1921, P. L. 438. Insofar as it declares that the husband, if legally able, is liable to pay for the support of an insane wife, the act of assembly is simply declaratory of what the law was before the passage of the act. In Pennsylvania the husband is and always has been, without regard to the act of assembly, liable for the necessary support of his insane wife while in a public asylum. The husband is primarily liable for the support and maintenance of his wife and this liability cannot be waived: Thomas' Estate, 24 Dist. R. 31, 34; Ward's Estate, 22 Dist. R. 564. This liability of the husband would very probably exist if there were no legislation upon the subject.

The mere fact that the legislature made the husband, father, and mother, etc., liable in the same paragraph in the same act still does not show that the husband is not primarily liable and we are disposed so to decide.

If the husband is primarily liable, then we believe that it follows that a suit or action begun against the father alone without reference to the husband and seemingly without any intention on the part of the Commonwealth of Pennsylvania to hold the husband to his primary liability, is without merit. The act of assembly without doubt makes the father of an insane married woman liable for her maintenance, but we believe secondarily so. It follows that we cannot make the order asked for by petitioner. We cannot now make an order for the husband to pay because he has not been made a party to this proceeding. Nor is there any evidence from which the court can learn with any degree of certainty his financial ability. The answer filed by William M. Hoge asserts that the husband earns $7 a day in a regular occupation. If such is true, and there is no denial of same, and indeed upon an argument of the case all the facts in the petition and answer were admitted by all parties to be true, there must be an honest effort upon the part of the Commonwealth to collect the debt due it for the support of this married woman from her husband before such a petition as the present one can be entertained. If such honest effort fails, then the application for recourse to the father of the insane woman can be renewed.

We therefore make the following

### Order

And now, October 21, 1940, the motion for order for payment of maintenance filed by the Department of Justice, acting on behalf of the Department of Revenue of the Commonwealth of Pennsylvania, on May 13, 1940, is discharged at the cost of petitioner.